UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT III, Plaintiff, v. DAVITA, INC, *et al.*, Defendants. | Case No. 3:26-cv-00046-ART-CLB<br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 12) |

Plaintiff James Edward Scott III sues DaVita Inc., DaVita Dialysis Clinic, and John and Jane Does 1-20, for the following claims: (1) Title III of the Americans with Disabilities Act of 1990 ("ADA"); (2) ADA Interference and Coercion; (3) medical battery under state law; (4) negligent and fraudulent misrepresentation; (5) intentional infliction of emotional distress; and (6) professional negligence under state law. (ECF No. 1-1.) Also before the Court is Mr. Scott's application to proceed *in forma pauperis* ("IFP") (ECF No. 1, 5.) On March 25, 2026, Magistrate Judge Baldwin issued a Report and Recommendation ("R&R") recommending granting Mr. Scott's application to proceed IFP and dismissing his complaint without prejudice. (ECF No. 12.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

## I. LEGAL STANDARD

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985).

Mr. Scott has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 12.) Thus, the Court is not required to conduct any review. The Court will therefore adopt Judge Baldwin's R&R in full.

## II. ANALYSIS

### A. Title III of the ADA

The Court will begin by addressing Mr. Scott's claim for violation of Title III of the ADA. Title III of the ADA prohibits places of public accommodation from discriminating against people based on disability. 42 U.S.C. § 12182. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [ ]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of h[is] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Private plaintiffs are limited to seeking injunctive relief under Title III of the ADA, so a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing. *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)); *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (Title III remedies include only injunctive relief).

Mr. Scott alleges that Defendants failed to provide him with proper treatment when he received dialysis services from them in Nevada and Florida. (ECF No. 1-1 at 2–4.) He does not allege that Defendants denied him any public accommodations and services, and his allegations regarding receiving services in Nevada and Florida foreclose any future allegations that he was denied public accommodations and services. (*Id.*) Additionally, he alleges that he has "discontinued dialysis on his own to avoid further life-threatening harm." (ECF No. 1-1 at 4.) Such allegations demonstrate that he will be unable to sufficiently

allege a likelihood of injury in the future to establish standing. The Court finds no clear error in Judge Baldwin's conclusion that Mr. Scott has not and cannot allege a claim under Title III of the ADA therefore adopts the R&R in full as to the Title III claim.

**B. ADA Interference and Coercion**

Mr. Scott's next claim is for ADA Interference and Coercion under 42 U.S.C. § 12203. (ECF No. 1-1 at 2–4.) Mr. Scott does not specify the basis for his claim. However, because he only alleges violations under Title III of the ADA, the Court finds that his claims are predicated on Title III. *See Corless v. Cole,* No. 13-00700, 2014 WL 2892362, *5 (D. Haw. June 25, 2014) (where plaintiffs' ADA retaliation claim was based on a Title III claim, the remedies available for the ADA retaliation claim are those prescribed in Title III).

As stated above, Mr. Scott is limited to injunctive relief under Title III, meaning a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing. *Langer*, 57 F.4th at 1092 (citing *Fortyune*, 364 F.3d at 1081); see *Wander,* 304 F.3d at 858. Mr. Scott cannot state a claim under 42 U.S.C. § 12203, because, again, he does not and cannot allege that he was denied public accommodations and services, and he discontinued dialysis, thus foreclosing his ability to sufficiently allege a likelihood of injury in the future to establish standing. The Court is satisfied that Judge Baldwin did not clearly err and therefore adopts the R&R in full as to the ADA Interference and Coercion claim.

**C. State Law Claims**

Mr. Scott's remaining claims all arise under state law and include: (1) medical battery; (2) negligent and fraudulent misrepresentation; (3) intentional infliction of emotional distress ("IIED"), and (4) professional negligence. (ECF No. 1-1 at 5.) The Court lacks jurisdiction to adjudicate these claims because these claims involve neither federal law nor does Mr. Scott allege any facts supporting

diversity of citizenship. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.") The Court also lacks supplemental jurisdiction over the state law claims because it does not have original jurisdiction over at least one other claim. 28 U.S.C. § 1367(b) (explaining that Courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Because Mr. Scott did not object and the Court is satisfied that Judge Baldwin did not clearly err, the Court adopts the R&R as to Mr. Scott's state law claims.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Judge Baldwin's report and recommendation (ECF No. 12) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. Scott's application for IFP (ECF Nos. 1, 5) is GRANTED.

IT IS FURTHER ORDERED that the Clerk FILE Mr. Scott's complaint (ECF No. 1-1.)

IT IS FURTHER ORDERED that Mr. Scott's complaint is dismissed with prejudice as to Claims 1 and 2.

IT IS FURTHER ORDERED that Mr. Scott's complaint is dismissed without prejudice and with leave to amend as to Claims 3, 4, 5, and 6. If Mr. Scott chooses to file a first amended complaint curing the deficiencies of his complaint, as outlined in this order, Mr. Scott shall file the first amended complaint **within 30 days**. If Scott chooses not to file a first amended complaint curing the stated deficiencies of the complaint, this action will be dismissed for failure to state a claim.

DATED THIS 22nd day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE